```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII
```

| | |
|---|---|
| ROBERT V. PEYTON and MARIE T. PEYTON,<br><br>       Plaintiffs,<br><br>  vs.<br><br>OPTION ONE MORTGAGE CORPORATION, a California Corporation, n/k/a SAND CANYON CORPORATION; and DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR HSI ASSET SECURITIZATION CORPORATION TRUST 2006-OPT3, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OPT3,<br><br>       Defendants.<br>_____ | CIVIL NO. 10-00186 SOM/KSC<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANT OPTION ONE MORTGAGE CORPORATION, NOW KNOWN AS SAND CANYON CORPORATION |

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY
JUDGMENT FILED BY DEFENDANT OPTION ONE MORTGAGE CORPORATION,
<u>NOW KNOWN AS SAND CANYON CORPORATION</u>

I.      <u>INTRODUCTION.</u>

        Plaintiffs Robert and Marie Peyton allege that their lender, Defendant Option One Mortgage Corporation ("Option One"), now known as Sand Canyon Corporation ("Sand Canyon"), violated the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667, by failing to provide them with sufficient disclosures when they obtained their mortgage loan in 2005.  The Peytons further allege that they sought to rescind the mortgage three years later, but that Sand Canyon wrongfully failed to rescind the loan.  The

Peytons bring claims for rescission and cancellation of the loan as well as actual and statutory damages.

Sand Canyon now moves for summary judgment, arguing that it cannot be sued for rescission and cancellation because, having assigned the loan to Deutsche Bank National Trust Company ("Deutsche Bank"), another Defendant in this case, it is not in a position to rescind or cancel the loan.  Sand Canyon also argues that the Peytons' claims are time-barred because the Peytons waited four years from the date of the transaction to sue.  The court grants the portion of Sand Canyon's motion relating to rescission but denies the portion relating to damage claims.

II.     FACTUAL BACKGROUND.

On October 13, 2005, Robert Peyton obtained a loan from Option One for $654,500, and, on October 14, 2005, both Robert and Marie Peyton executed a mortgage for the benefit of Option One in the same amount.  See Concise Statement Facts Supp. Sand Canyon's Mot. Summ. J. ("Sand Canyon's Material Facts") Nos. 1-2, ECF No. 20; Pls.' Separate Statement & Concise Counter-Statement Material Facts Opp. Sand Canyon's Mot. Summ. J. ("Pls.' Material Facts") Nos. 1-2, ECF No. 26.

According to the Peytons, they did not each receive two "accurate and complete" notices of their three-day right to rescind the transaction, as required by TILA.  First Amended Compl. ("FAC") ¶ 8.  Instead, the Peytons allege, they received

"only one blank-dated copy." Id.  The Peytons also allege that they never received "accurate and complete good faith estimates" or "complete TILA disclosures." Id.

The Peytons assert that they mailed notice that they were cancelling the loan on October 11, 2008. FAC ¶ 9. Following the court's initial hearing on this matter on January 3, 2011, the court requested supplemental briefing from the parties regarding "what was in the envelope and when the letter was sent." ECF No. 34.  Plaintiffs' counsel submitted a declaration stating that he sent a cancellation letter to Option One on October 11, 2008, at the local mailing address listed on what the Peytons say was a blank notice of right to cancel and at the mailing address set forth in the mortgage itself. Decl. Gary Victor Dubin, Mar. 4, 2011 ("3/4/11 Dubin Decl."), ¶¶ 7, 16 & Exh. 2 (copy of letter and certified envelopes), ECF No. 38;[1] see also Decl. Robert V. Peyton, Feb. 25, 2011 ("2/25/11 Peyton

---

[1] At the first hearing on this matter on January 3, 2011, the court questioned the Peytons' counsel regarding the lack of admissible evidence on Plaintiffs' crucial assertion that they sent a cancellation letter to Option One/Sand Canyon.  The Peytons' counsel asserted that the failure to attach the letter was an oversight, and, with leave of court, provided the letter on March 2, 2011. See ECF No. 38.  Counsel also submitted a lengthy declaration containing legal argument as to the merits of the case and indicating that the original failure to attach evidence was a clerical error.  See ECF No. 38.  As the Peytons' counsel, being highly experienced, is well aware, declarations must comply with Rule 56(c)(4) of the Federal Rules of Civil Procedure, which requires that declarations "be made on personal knowledge" and "set out facts that would be admissible in evidence."

Decl."), ¶ 2 & Exh. 1 (carbon copy of letter received by Peyton), ECF No. 38. Counsel states that he received return receipts for both copies of the letter. Id. ¶ 17.

Through a February 17, 2011, declaration by Dale Sugimoto, President of Sand Canyon, Sand Canyon acknowledges that "Option One received a letter regarding the subject loan" on October 28, 2008. See Decl. Dale Sugimoto, Feb. 17, 2011 ("2/17/11 Sugimoto Decl."), ¶ 11, ECF No. 36.

Whether Sand Canyon was the Peytons' lender in October 2008 is unclear. Sand Canyon has submitted conflicting evidence regarding when it assigned the Peytons' mortgage. Sand Canyon's motion was accompanied by a declaration by Dale Sugimoto, dated September 20, 2010, stating that the note and mortgage were assigned on June 21, 2010, to Deutsche Bank National Trust Company, as trustee for "HSI Asset Securitization Corporation Trust 2006-OPT3, Mortgage Pass-Through Certificates, Series 2006-OPT3." Sand Canyon's Material Facts No. 5; Decl. Dale Sugimoto, Sept. 20, 2010 ("9/20/10 Sugimoto Decl."), ¶ 7. Sand Canyon also submitted an assignment bearing a recordation date of July 2, 2010. See Assignment of Mortgage, attached as Exh. 4 to Decl. of Shellie K. Park-Hoapili, Oct. 1, 2010 ("10/1/10 Park-Hoapili Decl.");[2] accord Pls.' Material Facts No. 5.

---

[2]Sand Canyon's counsel purports to authenticate Sand Canyon's business records but does not appear to have the requisite personal knowledge to provide such authentication.

Sugimoto's second declaration, however, states that Option One "did not own or service the loan" on October 28, 2008, when it received the Peytons' letter. When Sand Canyon appeared for the second hearing on this matter, after both sides had completed supplemental briefing, Sand Canyon's attorney represented for the first time that the loan had been sold in March 2006 and that the assignment was not recorded until July 2010. Counsel acknowledged, however, that no evidence of a March 2006 transfer is in the record before the court.

It is undisputed that Sand Canyon does not now own the note or mortgage. Sand Canyon's Material Facts No. 6; 9/20/10 Sugimoto Decl. ¶ 8; accord Pls.' Material Facts No. 6.

On July 8, 2010, Deutsche Bank filed its notice of intent to foreclose on the Peytons' property. FAC Exh. 4.

III.   PROCEDURAL HISTORY.

The Peytons filed their Complaint in state court on October 12, 2009. See Compl. 1, attached as Exh. A to Notice of Removal, ECF No. 1. Sand Canyon was served on March 10, 2010, and, on March 30, 2010, it removed the case to federal court on

---

Thus, Sand Canyon's counsel runs afoul of court rules. See Fed. R. Civ. P. 56(c)(4) (declarations in support of motion for summary judgment must be based on personal knowledge). However, the court will take judicial notice of the Assignment of Mortgage. See Fed. R. Evid. 201; see, e.g., Fimbres v. Chapel Mortgage Corp., No. 09-CV-0886-IEG (POR), 2009 WL 4163332, at *3 (S.D. Cal. Nov. 20, 2009) (taking judicial notice of an assignment of deed of trust as it was a public record).

the basis of diversity and federal question jurisdiction.  See Notice of Removal at 1-2; 28 U.S.C. § 1441(a), (b).

Sand Canyon moved for summary judgment on October 1, 2010.  See Sand Canyon's Mot. Summ. J. ("Mot."), ECF No. 19. After Sand Canyon filed its motion, the Peytons filed their First Amended Complaint ("FAC"), adding Deutsche Bank as a Defendant. See FAC (filed Oct. 8, 2010).  Both the original and the FAC allege that Option One failed to provide the Peytons proper TILA notices, including notices of the right to rescind, and wrongfully failed to recognize the Peytons' attempt to rescind in 2008.  See Compl. ¶¶ 6-11; FAC ¶¶ 6-11.  Both seek declaratory judgment, injunctive relief, actual and statutory damages, attorney's fees, and costs.  See Compl. ¶¶ 12-13 pp. 4-5; FAC ¶¶ 12-13 & pp. 5-6.  Therefore, for convenience, the court will treat Sand Canyon's motion for summary judgment as applicable to the FAC.

IV.     STANDARD.

Summary judgment shall be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  One of the principal purposes of summary judgment is to identify and dispose of factually unsupported claims and defenses.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  Accordingly, "[o]nly admissible evidence may be

considered in deciding a motion for summary judgment." Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 988 (9th Cir. 2006); see also Fed. R. Civ. P. 56(c). A moving party has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).

The burden initially falls on the moving party to identify for the court "the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323); accord Miller, 454 F.3d at 987. "A fact is material if it could affect the outcome of the suit under the governing substantive law." Miller, 454 F.3d at 987.

When the moving party meets its initial burden on a summary judgment motion, the "burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial." Id. The nonmoving party may not rely on the mere allegations in the pleadings and instead "must set forth specific facts showing that there is a genuine issue for trial." Porter v. Cal. Dep't of Corr., 419 F.3d 885, 891 (9th Cir. 2005) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). The court must not weigh the evidence or determine the truth of the matter but only determine whether there is a genuine

issue for trial.  See Balint v. Carson City, 180 F.3d 1047, 1054 (9th Cir. 1999).

On a summary judgment motion, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor."  Miller, 454 F.3d at 988 (internal quotation marks and brackets omitted).  When either party has failed to properly support an assertion of fact, the court may, among other options, give that party an opportunity to properly address or support the fact.  Fed. R. Civ. P. 56(e).

Summary judgment may also be appropriate when a mixed question of fact and law involves undisputed underlying facts.  See EEOC v. UPS, 424 F.3d 1060, 1068 (9th Cir. 2005); Colacurcio v. City of Kent, 163 F.3d 545, 549 (9th Cir. 1998).

Finally, "[i]f the court does not grant all of the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case."  Fed. R. Civ. P. 56(g).

V.      ANALYSIS.

Sand Canyon's motion for summary judgment does not challenge the merits of the Peytons' claim that they failed to receive proper TILA disclosures.  Instead, Sand Canyon argues that it is entitled to summary judgment because it is not the

real party in interest.  Moreover, Sand Canyon argues, the Peytons' claims are time-barred.

>   A.   Sand Canyon May Not Be Sued for Rescission or Cancellation.

Sand Canyon argues that it is entitled to summary judgment because Sand Canyon lacks authority to grant the relief requested by the Peytons.  Mot. at 5-6.  The court agrees in part.  Sand Canyon has produced evidence that it no longer owns or services the loan in question.  See Sand Canyon's Material Facts Nos. 5-6; 9/20/10 Sugimoto Decl. ¶¶ 7-8; 10/1/10 Park-Hoapili Decl. Exh. 4.  The Peytons do not dispute these facts. See Pls.' Opp. at 2; Pls.' Material Facts Nos. 5-6.  Sand Canyon, therefore, lacks the authority to effectuate the remedies of rescission or cancellation that the Peytons seek in their declaratory judgment and injunctive relief causes of action.  See FAC ¶¶ 12-13; King v. Cal., 784 F.2d 910, 913 (9th Cir. 1986) (holding that plaintiff was not entitled to rescissionary remedy because, once she refinanced the loan, "there [was] nothing to rescind").  Sand Canyon is entitled to summary judgment as to those remedies.  See Fed. R. Civ. P. 56(a), (g); Tamayose v. Option One Mortgage Corp., Civ. No. 10-00185 JMS/BMK, 2010 WL 4961300, at *3-*4 (D. Haw. Nov. 30, 2010) (granting Sand Canyon partial summary judgment as to plaintiffs' claims for rescission and cancellation under TILA because Sand Canyon no longer owned the loan); Zakarian v. Option One Mortgage Corp., 642 F. Supp. 2d

9

1206, 1209-10, 1213 (D. Haw. 2009) (holding that the defendant assignor lacked the authority to grant rescission, under TILA, of a loan now held by another party, because the assignment deprived the assignor of dominion over the loan); see also 6A C.J.S. Assignments § 112, p.1158 (explaining that, once a valid and unqualified assignment is made, all interests and rights of the assignor are transferred to the assignee; the assignor loses all control over the thing assigned and cannot do anything to defeat the assignee's rights).

   The Peytons' out-of-circuit authority permitting plaintiffs to bring rescission claims even when loans have been refinanced or paid off, see ECF No. 33, does not alter the court's conclusion.  The Peytons correctly identify a circuit split on this issue between the Ninth Circuit's decision in King, 784 F.2d at 913, and the Sixth and Seven Circuits.  See Handy v. Anchor Mortgage Corp., 464 F.3d 760, 765 (7th Cir. 2006) (allowing rescission claim even though the payoff of the loan had left the defendant with no security interest); Barrett v. JP Morgan Chase Bank, 445 F.3d 874, 880 (6th Cir. 2006) (allowing rescission claim even though the plaintiff had refinanced the loan and the defendant no longer held a security interest).  These decisions contradicting King do not free any district court in the Ninth Circuit to disregard King.  "District courts are, of course, bound by the law of their own circuit, and are not to

resolve splits between circuits no matter how egregiously in error they may feel their own circuit to be." Zuniga v. United Can Co., 812 F.2d 443, 450 (9th Cir. 1987) (internal quotation marks omitted). The Peytons are not entitled to bring a claim for rescission against Sand Canyon.[3]

> B.  Summary Judgment is Denied With Respect to the Issue of Whether the Peytons' Damage Claims Are Time-Barred.

This court's ruling on the unavailability of a rescission remedy against Sand Canyon leaves the Peytons' damage claims against Sand Canyon. Sand Canyon argues that the Peytons have no damage remedy under TILA. Mot. at 7-10. According to Sand Canyon, the Peytons' right to file a claim for damages expired one year from the date of the violation, i.e., one year after the Peytons entered into the transaction. Mot. at 8-9. Because this suit was not filed until October 12, 2009, nearly four years after the transaction was consummated, Sand Canyon argues that the Peytons have no right to challenge any of Sand Canyon's actions under TILA. Mot. at 8. Even if the remedy arising from the original loan transaction is time-barred,

---

[3] Sand Canyon also argues that the Peytons have no rescissionary remedy at all because the statute of limitations on their right to rescind ran three years after the transaction was consummated. Mot. at 7-8. Because the court dismisses the Peytons' claims for rescission and cancellation against Sand Canyon based on lack of ownership, the court declines to consider at this time whether a rescissionary claim is hypothetically timely against a different Defendant.

11

however, the court is not persuaded that a claim arising from the Peytons' attempt to rescind the mortgage in 2008 is time-barred.

It does not follow from the unavailability of rescission as a remedy against Sand Canyon that damages relating to an allegedly valid attempt to rescind are also unavailable. TILA provides a borrower with the right to rescind certain credit transactions in which the lender retains a security interest in the borrower's principal dwelling.  15 U.S.C. § 1635(a).  The borrower has the right to rescind the transaction for three business days following the later of the date of the transaction's consummation or the date of the delivery of the information, rescission forms, and material disclosures required by TILA.  Id.  If the required information, rescission forms, or material disclosures are not delivered by the creditor, the right to rescind expires three years after the transaction's consummation.  Id. § 1635(f).

Pursuant to Regulation Z, 12 C.F.R. Pt. 226, a borrower may exercise the right to rescind by sending the lender notice within the statutory time frame.  See 12 C.F.R. § 226.23 (2008); see also 15 U.S.C. § 1635(a) (borrower may rescind "by notifying the creditor, in accordance with regulations of the Board, of his intention to do so"); see generally 15 U.S.C. § 1604 (authorizing Board of Governors of the Federal Reserve System to promulgate regulations to effectuate TILA's

provisions); 12 C.F.R. § 226.1(a) (purpose of Regulation Z is to implement TILA). Notice is effective upon mailing. Id. § 226.23(a)(2).

Pursuant to TILA, once the creditor receives a valid rescission notice, it is obligated to rescind the mortgage within 20 days. See 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d). If the creditor does not rescind the mortgage pursuant to a valid request within 20 days, it is in violation of those provisions of TILA. See 15 U.S.C. § 1635(g) (authorizing relief under § 1640 for violations relating to the right to rescind); Palmer v. Champion Mortgage, 465 F.3d 24, 27 (1st Cir. 2006) ("If a creditor does not respond to a rescission request within twenty days, the debtor may file suit in federal court to enforce the rescission right."). A consumer has one year from the date of a violation to file a claim for damages. See 15 U.S.C. § 1640(a) (defining civil liability for "any creditor who fails to comply with any requirement [of TILA], including any requirement under section 1635"); 15 U.S.C. § 1640(e) (setting one-year time limit for such suits).

In this case, the parties appear to agree that the transaction was consummated on October 14, 2005. See Mot. at 7; Opp. at 7. There appears to be a question of fact as to whether Sand Canyon owned the loan on October 11, 2008, the date the Peytons mailed Option One their rescission notice. See 3/4/11

13

Dubin Decl. ¶¶ 7, 16 & Exh. 2; 9/20/10 Sugimoto Decl. ¶ 7; 2/17/10 Sugimoto Decl. ¶ 11; 10/1/10 Park-Hoapili Decl. Exh. 4; Pls.' Material Facts, Exh. A, at 24.  Viewing the facts in the light most favorable to the Peytons, as the court must do on a motion for summary judgment, see Miller, 454 F.3d at 988, the court views the loan and note as having belonged to Option One at the time the Peytons sought to rescind.  Assuming no defect in the notice, Option One was obligated to act on that rescission notice.

As Option One/Sand Canyon failed to act on the notice within 20 days of receipt (apparently on October 28, 2008), the Peytons had one year from the date of that violation, which was around November 17, 2008, to file a claim for damages.  The Peytons filed their lawsuit on October 12, 2009, less than one year later.  Sand Canyon has failed to establish that the statute has run.

Indeed, Sand Canyon's theory--that the Peytons' failure to file a lawsuit within three years extinguished all their rights related to rescission--finds no support in any statute or regulation.  Under 15 U.S.C. § 1635(f) and 12 C.F.R. § 226.23, a borrower may exercise his or her right to rescind within the three-year period.  These provisions, which detail the rescission process, do not say or suggest that a lawsuit must be filed within that period.  See Beach v. Ocwen Fed. Bank, 423 U.S. 410,

417 (1998) ("subsection [1635(f)] says nothing in terms of bringing an action but instead provides that the 'right of rescission under the Act shall expire' at the end of the time period"). By contrast, 15 U.S.C. § 1640(e) articulates an explicit statute of limitations, limiting "[a]ny action under this section . . . brought in any United States district court, or in any other court of competent jurisdiction," to "one year from the date of the occurrence of the violation."

Accordingly, the court concludes that § 1635(f), unlike § 1640(e), is not a statute of limitations requiring the Peytons to file their lawsuit within three years of the transaction. Instead, to protect their rescission rights, § 1635(f) required the Peytons only to seek rescission in some manner from their lender within the specified time. Accord Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (noting, in dicta, "that 15 U.S.C. § 1640(e) provides the borrower one year from the refusal of cancellation to file suit"); see, e.g., Williams v. Rickard, Civ. No. 09-00535 SOM/KSC, 2010 WL 2640102, at *5-*6 (D. Haw. June 30, 2010) (TILA damage claim was not time-barred because it was filed within one year of allegedly improper refusal to rescind loans, even though more than one year had passed from the lender's failure to issue proper initial disclosures); Briosos v. Wells Fargo Bank, No. C 10-02834 LB, 2010 WL 3341043, at *4-*7 (N.D. Cal. Aug. 25, 2010) (same).

15

Sand Canyon's authority to the contrary merely reflects the proposition that the Peytons cannot recover damages for purported TILA violations that occurred at the time of the initial transaction in 2005. See Meyer v. Ameriquest Mortgage Co., 342 F.3d 899, 902 (9th Cir. 2003) (because alleged TILA violation occurred at the time the loan documents were signed, the limitations period for bringing a claim pursuant to § 1640 began on that day); King, 784 F.2d at 915 (limitations period for damage claim based on failure to make initial disclosures begins to run the day the transaction was consummated, unless equitable tolling applies). By contrast, the Peytons are arguing that Sand Canyon violated their statutory right to rescission in 2008 by failing to rescind the loan when the Peytons gave timely notice. This allegation, if proven, constitutes a violation of TILA that is independent of Option One's alleged original failure to provide documentation in 2005. The damage remedy is not time-barred.

Finally, the court notes that Sand Canyon's supplemental memorandum, filed on February 18, 2011, appears to assert that the Peytons' rescission letter was defective for the additional reason that Option One was not the servicer of the loan at the time the Peytons sent their rescission letter, and that the Peytons failed to send their letter to the actual servicer, identified by Sand Canyon as AH Mortgage Acquisition

Co., Inc.  See Sand Canyon's Supp. Mem. at 2-4, ECF No. 36; 2/17/11 Sugimoto Decl. ¶ 5.  The issue of whether the Peytons were required to send their letter to AH Mortgage Acquisition Co., Inc., was not argued in Sand Canyon's original motion, has not been briefed by the Peytons, and is not, therefore, properly before the court at this time.[4]  To the extent Sand Canyon believes it has a colorable argument in favor of granting summary judgment on this basis, it must bring a new motion.  The court anticipates that such a motion would require discussion of various issues not previously briefed, including but not limited to the notification requirements for rescission under 15 U.S.C. § 1635(a), 12 C.F.R. § 223.26 and its Commentary, and cases such as Miquel, 309 F.3d 1161, as well as operation of the mailbox rule under the facts presented.  The court will not decide these issues without proper briefing.

---

[4]The court notes that it has recently had occasion to address a summary judgment motion, brought by Option One in a different case, on the similar issue of whether borrowers had properly mailed their rescission notice to Option One and its various related entities.  See Kishimoto v. H & R Block Mortgage Corp., Inc., Civ. Nos. 09-00451 SOM/RLP, 10-00601 SOM/RLP, Order Denying Mot. for Summ. J. (D. Haw. Mar. 24, 2011) (holding that genuine issues of fact precluded a finding that the rescission notice was improperly addressed), ECF No. 19.

## VI.   CONCLUSION.

For the reasons stated above, the court GRANTS IN PART AND DENIES IN PART Sand Canyon's motion for summary judgment. The Peytons are not entitled to a rescission or cancellation remedy as against Sand Canyon. The court therefore GRANTS Sand Canyon's motion for summary judgment to the extent the Peytons are seeking the equitable remedies of rescission and cancellation from Sand Canyon. The court DENIES Sand Canyon's motion for summary judgment as to the Peytons' claims for damages under TILA.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 31, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Peyton v. Option One Mortgage Corp.; Civil No. 10-00186 SOM/KSC; ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANT OPTION ONE MORTGAGE CORPORATION, NOW KNOWN AS SAND CANYON CORPORATION.