IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT V. PEYTON and MARIE T. PEYTON, | ) ) | CIVIL NO. 10-00186 SOM/KSC |
| Plaintiffs, | ) ) ) ) | ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS ON ALL REMAINING CLAIMS |
| vs. | ) ) | |
| OPTION ONE MORTGAGE CORPORATION, a California Corporation, n/k/a SAND CANYON CORPORATION; and DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR HSI ASSET SECURITIZATION CORPORATION TRUST 2006-OPT3, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OPT3, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT
IN FAVOR OF DEFENDANTS ON ALL REMAINING CLAIMS

I.        INTRODUCTION.

This case arises out of an October 2005 residential

mortgage loan by Defendant Option One Mortgage Corporation to

Robert and Marie Peyton.  Option One, now known as Sand Canyon

Corporation, subsequently assigned the loan to Deutsche Bank

National Trust Company, as Trustee for HSI Asset Securitization

Corporation Trust 2006-Opt3, Mortgage Pass-Through Certificates,

Series 2006-Opt3.

As discussed in this court's order of March 31, 2011,

the First Amended Complaint alleges that Sand Canyon and Deutsche

Bank violated the Truth in Lending Act ("TILA"), 15 U.S.C.

§§ 1601-1667, by failing to provide the Peytons with sufficient disclosures when they obtained their mortgage loan in 2005 and by failing to honor an October 11, 2008, rescission notice.  The First Amended Complaint seeks damages and rescission of the loan.

This court previously granted in part and denied in part a motion for summary judgment filed by Sand Canyon.  See ECF No. 42, March 31, 2011.  In that order, the court held that Sand Canyon could not be sued for rescission or cancellation of the loan, as it no longer owned the loan and therefore lacked the authority to effectuate either rescission or cancellation of the loan.  Id.  Although TILA damage claims against Sand Canyon based on alleged failures to properly disclose information concerning the loan were time-barred, the court ruled that Sand Canyon had not demonstrated entitlement to summary judgment on the different TILA damage claims against Sand Canyon based on an alleged failure to honor the Peyton's request for rescission.  Id.

On June 15, 2011, Sand Canyon again moved for summary judgment on the remaining claims asserted against it.  See ECF No. 51.  That same day, Deutsche Bank moved for summary judgment on all claims asserted against it.  See ECF No. 53.  Those motions are granted without a hearing pursuant to Local Rule 7.2(d).

II.      BACKGROUND.

         The factual background and procedural history of this

case were set forth in this court's March 31, 2011, order.  See

ECF No. 42.  That factual background and procedural history are

incorporated herein by reference and supplemented as necessary

below.

III.     STANDARD.

         The standard governing summary judgment motions was

also set for in this court's March 31, 2011, order.  See ECF No.

42.  That standard is incorporated herein by reference.

IV.      ANALYSIS.

         Defendants seek summary judgment on the remaining

claims asserted against them.  They identify these claims as

seeking rescission and damages under TILA based on Defendants'

alleged failure to provide proper initial disclosures and

Defendants' alleged failure to honor an October 2008 rescission

letter.  Plaintiffs' Oppositions to the motions fail to identify

any other claim they are pursuing in this action.  Accordingly,

to the extent the First Amended Complaint may have asserted other

claims, those claims are deemed waived.

         A.   The TILA Claims for Alleged Violations of Initial
              Disclosures Are Time-Barred.

         To the extent the Peytons have any claims remaining

based on alleged failures to comply with TILA's initial

disclosure requirements, summary judgment is granted in favor of

Defendants on those claims.  The Peytons were required to file those claims "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  When a TILA violation is based on an insufficient disclosure, the limitation period generally "starts at the consummation of the [loan] transaction." King v. Cal., 784 F.2d 910, 915 (9th Cir. 1986); see also Hubbard v. Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir. 1996) (holding that when a lender fails to comply with TILA's initial disclosure requirements, a borrower has one year from obtaining the loan to file suit).  The loan in this case was consummated on October 13 or 14, 2005.  See ECF Nos. 54-3 to 54-9.  The Peytons did not file this action until October 9, 2009.  See ECF No. 1-2.

The Peytons did not oppose the summary judgment motions that were based on the untimeliness of the improper disclosure TILA claims.  Accordingly, the court grants summary judgment against the Peytons on those claims.

> B.   The TILA Claims for Alleged Improper Refusals to Honor Rescission Letter of October 11, 2008, Are Time-Barred.

Sand Canyon and Deutsche Bank seek summary judgment, arguing that the Peytons' October 11, 2008, letter to rescind their loan was untimely and therefore any claim based on an alleged improper refusal to honor that rescission letter is flawed.  Sand Canyon argues that no damage claim may be maintained against it; Deutsche Bank also argues that neither a

4

damage claim nor a rescission claim may be asserted against it arising out of any alleged failure to honor the rescission request.

Under 15 U.S.C. § 1635(a), a borrower has a right to rescind a consumer credit transaction that provides for a security interest in any property used as the borrower's principal dwelling.  The borrower has "until midnight of the third business day following consummation of the transaction or the delivery of the information and rescission forms" to exercise that right.  Id.  However, when a lender fails to disclose to a borrower his or her right to rescind, or fails to provide material disclosures,[1] the duration of the borrower's right to rescind extends for three years from the date the transaction was consummated.  12 C.F.R. § 226.23(a)(3); Jackson v. Grant, 890 F.2d 118, 120 (9th Cir. 1989).  Even a purely technical violation of TILA's disclosure provisions, including the failure to provide a borrower with two copies of the notice that include the correct date the rescission period expires, extends the duration of the

_____

[1]TILA defines "material disclosures" as disclosures of the annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed, the total of payments, the number and amount of payments, the due dates or periods of payments scheduled to repay the indebtedness, and the disclosures required by section 1639(a) of this title.

15 U.S.C. § 1602(u).

right to rescind for three years.  See Semar v. Platte Valley
Fed. Sav. & Loan Ass'n, 791 F.2d 699, 703-05 (9th Cir. 1986).

       The Peytons do not identify any "material disclosure"
not made or incorrectly made that would extend the limitation
period to three years.  Instead, the Peytons argue that they did
not receive at closing two accurate and complete TILA notices of
the right to cancel.  The Peytons allege that they only received
one copy of the blank notice attached as Exhibit 3 to the First
Amended Complaint.  See First Amended Complaint ¶ 8.  In
connection with its motion for summary judgment, Sand Canyon
submitted a Notice of Right to Cancel dated October 14, 2005.
See ECF No. 54-9.  There is no dispute that the Peytons signed
that document below language stating, "ON THE DATE LISTED ABOVE
I/WE THE UNDERSIGNED EACH RECEIVED TWO (2) COMPLETED COPIES OF
THE NOTICE OF RIGHT TO CANCEL IN THE FORM PRESCRIBED BY LAW
ADVISING ME/US OF MY/OUR RIGHT TO CANCEL THIS TRANSACTION."  Id.

       The signed acknowledgment of receipt of two copies of
the TILA disclosures creates a "rebuttable presumption" that the
disclosures were made to the Peytons.  See 15 U.S.C. § 1635(c)
("Notwithstanding any rule of evidence, written acknowledgment of
receipt of any disclosures required under this subchapter by a
person to whom information, forms, and a statement is required to
be given pursuant to this section does no more than create a
rebuttable presumption of delivery thereof."); Cavaco v. Mortgage

6

Elec. Registration Sys., Inc., 2011 WL 1565979, *4 (D. Haw. Apr. 25, 2011) ("Cavaco's signed acknowledgment of receipt of two copies of the TILA disclosures creates a 'rebuttable presumption' that the disclosures were made to her."); Rowland v. Novus Fin. Corp., 949 F. Supp. 1447, 1460 (D. Haw. 1996) (same).  This rebuttable presumption satisfied the lenders' initial burden on this motion of demonstrating entitlement to summary judgment, as the claim of improper failure to rescind would be time-barred if the limitation period were not extended to three years.

Because the lenders met their initial burden for purposes of their summary judgment motions, the burden shifted to the Peytons "to establish, beyond the pleadings, that there is a genuine issue for trial."  Miller, 454 F.3d at 987.  The Peytons did not do so, submitting no evidence supporting the bare allegations made in the First Amended Complaint or the arguments of counsel made in their Oppositions.  See Fed. R. Civ. P. 56(c); Hernandez v. Spacelabs Med. Inc., 343 F.3d 1107, 1112 (9th Cir. 2003) (stating that, when the moving party carries its initial burden on a motion for summary judgment, the nonmoving party "cannot defeat summary judgment with allegations in the complaint, or with unsupported conjecture or conclusory statements"); accord Lane v. Dep't of Interior, 523 F.3d 1128, 1140 (9th Cir. 2008) ("Lane's allegations in her complaint and her attorney's statements at oral argument are insufficient to

defeat a summary judgment motion."); <u>Aquilera v. Pirelli Armstrong Tire Corp.</u>, 223 F.3d 1010, 1019 (9th Cir. 2000) ("On a motion for summary judgment, the non-moving party cannot simply rest on its allegations without any significant probative evidence tending to support the complaint.").

For example, the Peytons did not rebut the presumption by submitting their own declarations indicating that they did not receive two copies of the TILA disclosures. <u>See, e.g.</u>, <u>Rodriques v. Newport Lending Corp.</u>, 2010 WL 4960065, *6 (D. Haw. Nov. 29, 2010) (holding that plaintiff's declaration denying receipt of TILA disclosures was sufficient to create a genuine issue of fact concerning such receipt despite the rebuttable presumption of delivery based on plaintiffs' signed acknowledgment of receipt). In fact, neither Peyton submitted a declaration or affidavit at all in connection with opposing the present motions. Nor did the Peytons submit a verified First Amended Complaint. <u>See</u> ECF No. 22.

The Peytons' Opposition appears to dispute the lenders' contention that the Peytons had received two copies of the TILA disclosures. <u>See</u> Plaintiffs' Separate and Concise Counter-Statement of Material Facts in Opposition ¶ 7, ECF No. 58, July 11, 2011. However, in violation of Local Rule 56.1(c), the Peytons failed to provide any citation to evidence supporting that dispute. Pursuant to Local Rule 56.1(f), this court has no

independent duty to search for or consider any part of the record not so identified.  Because the Peytons rely entirely on the allegations in the First Amended Complaint and argument of counsel in their Opposition, none of which is admissible evidence.  They thus fail to raise a genuine issue of material fact as to whether they properly received two copies of the TILA disclosures.  In short, they cite no evidence supporting the extension of the limitation period from three days to three years.  The admissible evidence therefore renders untimely their rescission letter of October 11, 2008, ECF No. 38-4.  On the present record, Sand Canyon's and/or Deutsche Bank's alleged failure to honor the rescission request cannot be said to have been improper, and they are entitled to summary judgment.

V.      CONCLUSION.

        For the reasons stated above, the court grants summary judgment in favor of Defendants on all remaining claims.  This

grant of summary judgment makes it unnecessary to reach all of the arguments raised by Defendants in their motions.

The Clerk of Court is directed to enter judgment in favor of Defendants and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 3, 2011.



 /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Peyton v. Option One Mortgage Corp.; Civil No. 10-00186 SOM/KSC; ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS ON ALL REMAINING CLAIMS