IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT V. PEYTON and MARIE T. PEYTON,<br><br>      Plaintiffs,<br><br>  vs.<br><br>OPTION ONE MORTGAGE CORPORATION, a California Corporation, n/k/a SAND CANYON CORPORATION; and DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR HSI ASSET SECURITIZATION CORPORATION TRUST 2006-OPT3, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OPT3,<br><br>      Defendants.<br>_____ | CIVIL NO. 10-00186 SOM/KSC<br><br>ORDER DENYING PLAINTIFFS' MOTION UNDER RULES 59 AND 60 OF THE FEDERAL RULES OF CIVIL PROCEDURE |

ORDER DENYING PLAINTIFFS' MOTION UNDER RULES 59 AND 60
OF THE FEDERAL RULES OF CIVIL PROCEDURE

I.      INTRODUCTION.

      This case arose out of an October 2005 residential mortgage loan by Defendant Option One Mortgage Corporation to Robert and Marie Peyton.  Option One, now known as Sand Canyon Corporation, subsequently assigned the loan to Deutsche Bank National Trust Company, as Trustee for HSI Asset Securitization Corporation Trust 2006-Opt3, Mortgage Pass-Through Certificates, Series 2006-Opt3.  Plaintiffs' First Amended Complaint alleged that Sand Canyon and Deutsche Bank violated the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667, by failing to provide the Peytons with sufficient disclosures when they obtained their

mortgage loan in 2005 and by failing to honor an October 11, 2008, rescission notice.  The First Amended Complaint sought damages and rescission of the loan.

In March 2011, the court granted in part and denied in part a motion for summary judgment filed by Sand Canyon.  See ECF No. 42, March 31, 2011.  The court held that Sand Canyon could not be sued for rescission or cancellation of the loan, as it no longer owned the loan and therefore lacked the authority to effectuate either rescission or cancellation of the loan.  Id. Although TILA damage claims against Sand Canyon based on alleged failures to properly disclose information concerning the loan were time-barred, the court ruled that Sand Canyon had not demonstrated entitlement to summary judgment on the TILA damage claims against Sand Canyon based on an alleged failure to honor the Peyton's request for rescission.  Id.

On June 15, 2011, Sand Canyon again moved for summary judgment on the remaining claims asserted against it.  See ECF No. 51.  That same day, Deutsche Bank moved for summary judgment on all claims asserted against it.  See ECF No. 53.  On August 1, 2011, the court granted both motions without a hearing.  See Order Granting Motions for Summary Judgment in Favor of Defendants on All Remaining Claims, ECF No. 64, Aug. 3, 2011.

On August 31, 2011, Plaintiffs filed a motion pursuant to Rules 59(e), 60(b)(1), and 60(b)(6) of the Federal Rules of

Civil Procedure.  That motion is denied without a hearing pursuant to Local Rule 7.2(d).

II.       BACKGROUND.

On June 15, 2011, Sand Canyon filed a motion for summary judgment and a concise statement in support of its motion.  See ECF Nos. 51 and 52.  That same day, Deutsche Bank filed its own motion for summary judgment and concise statement in support of its motion.  See ECF Nos. 53 and 54.  On June 16, 2011, the court issued a notice of hearing for both motions, setting the motions for hearing on August 1, 2011.  See ECF No. 55.  Later in the day on June 16, 2011, both Sand Canyon and Deutsche Bank filed redacted versions of exhibits to their respective concise statements.  See ECF Nos. 56 and 57.

On July 11, 2011, Plaintiffs filed an opposition to Sand Canyon's motion for summary judgment, as well as a concise statement in opposition to the motion.  See ECF Nos. 58 and 59. Plaintiffs did not timely file an opposition to Deutsche Bank's motion for summary judgment.  One of the attorneys for Plaintiffs, Gary Victor Dubin, indicates that he was unaware of Deutsche Bank's motion, noting that "perhaps . . . the motion papers went into my email spam box," which is "cleared automatically every thirty days."  See Declaration of Gary Victor Dubin ¶ 3, ECF No. 67-1, Aug. 31, 2011.  Dubin's statement, by

itself, is insufficient to demonstrate that Plaintiffs lacked notice of Deutsche Bank's motion.

The record reflects that Plaintiffs are represented by four attorneys associated with the Dubin Law Offices, Benjamin Ruel Brower, Frederick J. Arensmeyer, Long Huy Vu, and Dubin. The record further reflects that Notices of Electronic Filing ("NEF") for Deutsche Bank's motion and concise statements were sent electronically to Brower, Arensmeyer, and Dubin at their respective email addresses and to Vu via U.S. mail at the address of record for the Dubin Law Offices. See NEFs for ECF Nos. 53, 54, 57. The Certificates of Service for the same documents indicate that they were served on Dubin and Arensmeyer through CM/ECF and served on Brower and Vu through U.S. mail. See ECF Nos. 53-2, 54-15, 57-8. Brower, Arensmeyer, and Vu do not submit declarations indicating that they had no notice of Deutsche Bank's motion. Accordingly, on the present record, it appears that Plaintiffs had notice of Deutsche Bank's motion.

Plaintiffs' timely filing of their opposition to Sand Canyon's motion twenty-one days before the scheduled hearing indicates that Plaintiffs knew about the hearing on that motion, as the deadline for such oppositions is twenty-one days before the scheduled hearing. See Local Rule 7.4. Because the hearing for Sand Canyon's motion was set in the same filing as the hearing for Deutsche Bank's motion, see ECF No. 55, Plaintiffs

are unconvincing in implying that they had no notice of Deutsche Bank's motion in mid-June 2011, when that motion was filed.

Plaintiffs' counsel says that he was in the process of preparing a motion seeking leave to file an untimely opposition to Deutsche Bank's motion when the court, through a law clerk, contacted counsel about that opposition. Plaintiffs' counsel says that he "fully explained the situation to the law clerk, who said that he would talk to the Judge and call [him] back." In paragraphs 4 and 5 of his declaration, Plaintiffs' counsel says that this court instructed him to file a single-page opposition to Deutsche Bank's motion that incorporated by reference previous arguments raised by Plaintiffs. Plaintiffs' counsel then accuses the court of "lulling" him into believing that such an opposition was sufficient. See Dubin Decl. ¶¶ 4-5. Plaintiffs' counsel's declaration omits several notable facts.

In the course of routine prehearing preparation for the hearing scheduled August 1, 2011, the court's law clerk noticed that Plaintiffs had not filed any opposition to Deutsche Bank's motion. In keeping with its usual practice with respect to unopposed motions, the court directed its law clerk to telephone Dubin, Plaintiffs' counsel, to ask whether Plaintiffs had intended to oppose Deutsche Bank's motion. Dubin told the law clerk, either in that conversation or in a follow-up telephone call, that Plaintiffs did intend to oppose the motion and that,

5

because Deutsche Bank's motion was similar to another motion, Plaintiffs were thinking of filing a short opposition that incorporated by reference arguments made in connection with that other motion.  Dubin did not tell the law clerk that Dubin was preparing a motion seeking leave to file an untimely opposition.  The law clerk then told Dubin that the law clerk needed to check with the judge to see whether Plaintiffs would be allowed to file such an opposition.  After speaking with this judge, the law clerk then telephoned Dubin to tell Dubin that Plaintiffs could oppose Deutsche Bank's motion by filing the short opposition Dubin had described, i.e., a statement that incorporated by reference arguments previously made.

      Notably omitted from the present reconsideration motion is any mention of Dubin's own statement about a simple incorporation of an already filed memorandum.  The court's limitation on what Plaintiffs could argue in their extremely untimely opposition simply echoed what Dubin had indicated he wanted to do.  Had Dubin informed the law clerk that he wanted to file a more substantive opposition, the court would have told the law clerk to tell Dubin to file a motion seeking leave to file an attached proposed opposition.  It was only because the opposition proposed by Dubin when he spoke to the law clerk was simply an incorporation by reference of arguments previously made that the court allowed the untimely opposition to be filed without a

motion, perceiving no prejudice to Deutsche Bank through such a filing.

III.     ANALYSIS.

In part, Plaintiffs bring this motion under Rule 59(e) of the Federal Rules of Civil Procedure, which authorizes motions to alter or amend judgment.  Motions to alter or amend judgment "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment."  11 Charles Alan Wright, Arthur Miller, and Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995).  A decision whether to grant or deny a Rule 59(e) motion is committed to the sound discretion of this court.  McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) ("the district court enjoys considerable discretion in granting or denying the motion"); see also Herbst v. Cook, 260 F.3d 1039, 1044 (9th Cir. 2001) ("denial of a motion for reconsideration is reviewed only for an abuse of discretion").  There are four basic grounds upon which a Rule 59(e) motion may be granted: 1) a manifest error of law or fact upon which the judgment is based; 2) newly discovered or previously unavailable evidence; 3) manifest injustice; and 4) an intervening change in controlling law.  McDowell, 197 F.3d at 1255 n.1.

Plaintiffs also bring this motion under Rules 60(b)(1) and (6) of the Federal Rules of Civil Procedure, which permit

7

relief from "final" judgments, orders, or proceedings based on: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . [or] (6) any other reason that justifies relief."  Like motions brought under Rule 59(e), Rule 60(b) motions are committed to the discretion of the trial court.  Barber v. Haw., 42 F.3d 1185, 1198 (9th Cir. 1994) ("Motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) are addressed to the sound discretion of the district court.").  The Ninth Circuit has noted that, for purposes of Rule 60(b), "excusable neglect" is liberally construed.  Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  Nevertheless, ignorance and carelessness on the part of the party or his or her attorney do not provide grounds for relief under Rule 60(b)(1).  Engleson v. Burlington N. R. Co., 972 F.2d 1038, 1043 (9th Cir. 1992).  When a party misses a filing deadline, the Ninth Circuit has instructed courts to examine four factors to determine whether there was "excusable neglect": "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381-82 (9th Cir. 1997) (adopting test and quoting from Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd., 507 U.S. 380 (1993)); accord Lemoge v. United States, 587 F.3d 1188, 1192 (9th Cir.

2009) (quoting <u>Bateman v. U.S. Postal Serv.</u>, 231 F.3d 1220, 1223 (9th Cir. 2000)).

Plaintiffs' Rule 59 and 60 motion does not discuss how either rule is satisfied. Instead, it blames the court for Plaintiffs' failure to submit a substantive opposition, claiming that the court somehow "lulled" experienced counsel into not submitting an opposition. But Plaintiffs do not sufficiently explain why they did not timely file an opposition that made all of the arguments they now say they wished to raise. Nor do Plaintiffs explain what evidence they would have submitted had they filed a more substantive opposition. At most, Plaintiffs say that, had the court reviewed Robert Peyton's declaration, ECF No. 38-1, or counsel's letter to Option One/Sand Canyon, ECF No. 38-3, the court would have identified an issue of fact. This court disagrees.

The court granted Deutsche Bank summary judgment because the bank had raised a rebuttable presumption that two accurate and complete TILA notices of right to cancel were received by Plaintiffs. <u>See</u> ECF 54-9 (signed notice of right to cancel in which Plaintiffs acknowledged receipt of two completed copies of it); 15 U.S.C. § 1635(c) (creating a rebuttable presumption of delivery when there is "written acknowledgment of receipt of any disclosures required"). The court ruled that the allegations of the First Amended Complaint and arguments of

9

counsel were insufficient to rebut that presumption.  <u>See</u> ECF No. 64 at 6-8.

Plaintiffs now argue that, had the court reviewed Robert Peyton's declaration, ECF No. 38-1, or counsel's letter to Option One/Sand Canyon, ECF No. 38-3, the court would have found the presumption to have been rebutted.  However, in connection with ruling on Deutsche Bank's motion, the court did review those documents, determining that neither created an issue of fact as to receipt of the notices.  Peyton's declaration, for example, merely states that he instructed Dubin to send a notice of cancellation to the bank and that Peyton later received an emailed copy of the notice of cancellation from Dubin, which he attached to his declaration.  <u>See</u> ECF 38-3 ¶¶ 2-3.  Peyton does not actually state in his declaration that he did not receive two copies of the notice of right to cancel.  The notice of cancellation sent by Dubin to Sand Canyon is a letter by Dubin that states that Plaintiffs are cancelling their loan because they did not receive two copies of the notice of right to counsel.  <u>See</u> ECF 38-3.  Dubin's letter, however, is not admissible evidence capable of defeating Deutsche Bank's summary judgment motion.  It is simply argument by Plaintiffs' counsel in the form of a letter.  <u>See</u> <u>Arpin v. Santa Clara Valley Transp. Agency</u>, 261 F.3d 912, 923 (9th Cir. 2001) (noting that arguments of counsel are not evidence capable of creating issues of fact to

defeat a motion for summary judgment); Estrella v. Brandt, 682 F.2d 814, 819-20 (9th Cir. 1982) (stating that legal memoranda and counsel's oral argument are not evidence and do not create issues of fact capable of defeating a motion for summary judgment).

      Had Dubin submitted Plaintiffs' own declarations indicating that they did not receive the required notices, that would have been a different matter.  See, e.g., Rodriques v. Newport Lending Corp., 2010 WL 4960065, *6 (D. Haw. Nov. 29, 2010) (holding that plaintiff's declaration denying receipt of TILA disclosures was sufficient to create a genuine issue of fact concerning such receipt despite the rebuttable presumption of delivery based on plaintiffs' signed acknowledgment of receipt). Dubin did not do that, either in opposition to Deutsche Bank's motion for summary judgment or in connection with the present motion.  The court will not assume the existence of evidence not before it.  Having failed to provide any evidence raising a genuine issue of fact as to their receipt of the required notices, and having failed to sufficiently explain why that failure should be excused, Plaintiffs do not show entitlement to relief pursuant to Rules 59(e) or 60(b).

IV.     CONCLUSION.

For the reasons stated above, the court denies Plaintiffs' Rule 59(e) and 60(b) motion.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 17, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Peyton v. Option One Mortgage Corp.; Civil No. 10-00186 SOM/KSC; ORDER DENYING PLAINTIFFS' MOTION UNDER RULES 59 AND 60 OF THE FEDERAL RULES OF CIVIL PROCEDURE